STATE *v.* SHERMAN MARSHALL.

*(Nashville.*   December Term, 1910.)

1. **CRIMINAL LAW. Venue is in new county to which the place where the offense was committed is transferred.**

Where the place in which the offense was committed is transferred to a new county before indictment had, the indictment must be returned in the new county.   (*Post, pp.* 233, 234.)

Constitution cited and construed:   Art. 1, sec. 9.

Cases cited and approved:   State v. Donaldson, 3 Heisk., 48; Speck v. State, 7 Bax., 46; Ex parte Moran, 144 Fed., 594, 75 C. C. A., 396; Moran v. Territory, 14 Okla., 544.

2. **SAME. Venue in county to which the place of offense is transferred after indictment, and cause should be transferred.**

Where the portion of an old county in which an offense has been committed is transferred to another county, while the proceedings are pending in the first county, the court of such county loses jurisdiction, but has inherent power to order the transfer of the cause to the new jurisdiction, to which the place of the crime has been transferred by the legislature.   (*Post, p.* 234.)

Constitution cited and construed:   Art. 1, sec. 9.

Cases cited and approved:   Pope v. State, 124 Ga., 801; Bundrick v. State, 125 Ga., 753.

3. **SAME. Same. Supreme court will remand cause for transfer by the circuit court where that court should have transferred it to another county; when.**

Where the circuit court erroneously abates the indictment and discharges the accused upon the ground that the place in which the offense was committed has been transferred to another county pending the proceedings, the supreme court will,

State v. Marshall.

upon reversing the case, remand the cause to the circuit court, with direction to transfer the same to the county to which the place of the offense has been transferred, for further proceedings, and to transmit the indictment, together with certified copies of all the entries of record therein made.  (*Post, p.* 234.)

FROM WAYNE.

Appeal from the Circuit Court of Wayne County.— SAM HOLDING, Judge.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

BOYD & MORRISON, for Marshall.

MR. JUSTICE NEIL delivered the opinion of the Court.

The defendant was indicted by the grand jury of Wayne county, at the September term, 1908, charged with an asault with intent to commit murder in the first degree upon the person of one Earl Boyce on a day in August of the same year. The case was continued from term to term until the April term, 1910, when the defendant was arraigned and entered a plea of not guilty. A jury was impaneled to try the issue, and the trial had proceeded to the extent of the examination of one witness for the State, when the defendant moved the court for permission to withdraw his plea of not guilty, and

to file a plea in abatement. To this motion the attorney for the State offered no resistance. Thereupon, by consent of the defendant in open court, the jury was discharged, and a mistrial entered. Defendant then withdrew his plea of not guilty, and filed his plea in abatement to the jurisdiction of the court. The attorney for the State admitted the facts set out in the plea, but moved the court to strike out the plea as insufficient. Upon consideration of this motion and the plea, the court overruled the motion, and held that the plea was good. Thereupon he quashed the indictment, declared the suit abated, and discharged the defendant. From this action the State appealed, and has here assigned errors.

The plea is in the following language:

"Comes the defendant in proper person, and by plea in abatement to the indictment, filed by leave of the court, says: That the indictment in this case charges the defendant with an assault with intent to commit murder upon the body of one Earl Boyce; that the difficulty or shooting out of which this indictment arises, and upon which the charge is made, was committed on the 6th day of June, 1908; that the territory where said alleged offense was committed was on that day in the county of Wayne; the said indictment was returned by the grand jury of the county of Wayne at the September term, 1908, of said county; but since the commission of said alleged offense, and since the return of said indictment, to wit, April 30, 1909, the general as-

sembly of the State of Tennessee passed an act by which the line between the counties of Wayne and Perry was so changed as to place said territory where said alleged offense was committed in the county of Perry—said act being chapter 441 of the Acts of 1909, page 1653. The alleged offense embraced in this indictment against defendant was committed, if committed at all, in the territory described in said act, and by said act taken from Wayne county and annexed to Perry county, and is now a part of Perry county.

"Therefore defendant avers that the circuit court of Wayne county has no jurisdiction to try this defendant upon said indictment for said offense, and prays that said indictment be abated and the defendant be discharged."

We think the plea was good, so far as concerned any further proceedings for trial in the circuit court of Wayne county, but that the judge of that court acted incorrectly in quashing the indictment and abating the suit. He should have transferred the cause to the circuit court of Perry county.

The constitution guarantees to the accused a trial by a jury of the county in which the offense was committed. Const., art. 1, section 9. Where the place in which the offense was committed is transferred to a new county before indictment had, the indictment must be returned in the new county. *State* v. *Robert Donaldson,* 3 Heisk., 48; *Speck* v. *State,* 7 Baxt., 46; *Ex parte Moran,* 144

Fed., 594, 75 C. C. A., 396; *Moran* v. *Territory,* 14 Okl., 544, 78 Pac., 111.

The same reason governs when a portion of an old county wherein an offense has been committed is transferred to another county, while the proceedings are pending in the first county, and the same rule should control. In either case the court of the initial county has inherent power to order the transfer of the cause to the new jurisdiction, into which the locus of the crime has been transferred by the legislature. *Pope* v. *State,* 124 Ga., 801, 53 S. E., 384, 110 Am. St. Rep., 197; *Bundrick* v. *State,* 125 Ga., 753, 54 S. E., 683.

It results that the judgment of the court below, sustaining the plea in abatement, must be affirmed; but his honor's action in abating suit and discharging the prisoner must be reversed, and the cause must be remanded to the trial court, with the direction that it be transferred to the circuit court of Perry county for further proceedings. That court will transmit the indictment to the circuit court of Perry county, together with certified copies of all the entries of record heretofore made therein.